UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MATTHEW BAYNARD,                        :
                    Petitioner,         :
                                        :
        v.                              :        C.A. No. 13-578ML
                                        :
A.T. WALL, Director, Rhode Island       :
Department of Corrections,              :
                    Respondent.         :

### REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

*Pro se* Petitioner Matthew Baynard has filed a Petition for Writ of Habeas Corpus and an accompanying motion for appointment of counsel in connection with his attempt to secure his release from custody and prevent extradition from Rhode Island to Virginia.  Petitioner has not paid the required $5.00 fee to file a habeas petition nor has he moved for leave to proceed *in forma pauperis* ("IFP").   It also appears that he has failed to exhaust available state court remedies.  If Petitioner is unable to cure these defects within thirty days after this Court has adopted this Report and Recommendation, I recommend that the Petition be dismissed without prejudice.  Finally, I recommend that the motion for appointment of counsel be denied.  ECF No. 2.

## I.      BACKGROUND

The Petition asserts that, at an unspecified time in the past, Baynard was convicted in the State of Virginia for carnal knowledge and "received a sentence of 20 years and 20 years probation."[1]  In 2013,[2] he was arrested in Rhode Island for failure to register as a sex offender.

---

[1] Whether this is intended to mean a sentence of incarceration of twenty years, followed by twenty more years of probation, or simply a twenty-year sentence to be served on probation, is impossible to ascertain from the Petition.

The Petition avers that the State of Virginia "placed a hold (detainer)[3] upon him, hence a warrant" and/or has requested his extradition from Rhode Island without providing "any statement of probable cause denoting a basis for the hold and/or extradition." Baynard challenges his detention by Respondent A.T. Wall and the Virginia detainer and/or the extradition request, alleging that the detainer and extradition require a showing of probable cause to be constitutionally valid. See Ierardi v. Gunter, 528 F.2d 929, 930-31 (1st Cir. 1976). He contends that he is being unlawfully detained and that he is "being subjected to prosecution twice for a single alleged criminal act."

Baynard has filed a federal habeas petition purporting to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 2241, 2254, 1651(a)[4] and 1331. The Petition asks the Court to "grant [the] writ of habeas corpus and dismiss the hold and/or detainer pending or warrant," appoint counsel, issue an order to show cause and hold hearings as necessary.

## II.     DISCUSSION

### A.  Failure to Exhaust State Remedies

Rule 4 of the Rules Governing Section 2254 Cases requires federal courts to promptly examine habeas petitions, and if it "plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner." Dionne v. Suffolk Cnty. Sheriff Dep't, CIV.A. 12-

---

[2] The heading of the Petition has a Rhode Island criminal case number indicating that the Rhode Island criminal proceeding was initiated in 2013.

[3] A detainer "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985).

[4] 28 U.S.C. § 1651 is the All Writs Act. It is a residual source of authority to issue writs that are not otherwise covered by statute. Brennan v. Wall, 100 F. App'x 4, at *5 (1st Cir. 2004). When the petitioner is in custody, as is Baynard, his request for relief is governed by 28 U.S.C. §§ 2241 or 2254; a writ under § 1651 is not available. See Godoski v. United States, 304 F.3d 761, 762-63 (7th Cir. 2002), cert. denied, 537 U.S. 1211 (2003).

11319-DJC, 2012 WL 3492018, at *1 (D. Mass. Aug. 14, 2012).  A petition may also be summarily dismissed "if it fails to set forth facts that give rise to a cause of action under federal law."  Id.

      This Petition is ambiguous as to whether Baynard is challenging his Rhode Island detention, the Virginia detainer or the extradition request as a convicted state prisoner pursuant to 28 U.S.C. § 2254 or a detainee pursuant to 28 U.S.C. § 2241.[5]  See Higgins v. State of Rhode Island, 187 F.3d 622, at *1 (1st Cir. 1998) (per curiam) (explaining distinction between §§ 2241 and 2254).  In this instance, the distinction is not material; whether brought under § 2241 or § 2254, a federal habeas petitioner must exhaust his available state court remedies before filing the petition in federal court.  Id.; Prall v. Attorney Gen., No. 09-366 S, 2010 WL 737646, at *3 (D.R.I. Mar. 1, 2010).[6]  The exhaustion rule requires a petitioner to present and exhaust his claims first in the state courts, including presentment to the state's highest court if it offers automatic or discretionary review.  See Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  Federal courts can raise the exhaustion issue *sua sponte* and dismiss a habeas petition after giving a petitioner notice and an opportunity to respond.  See Kidd v. Blaisdell, No. 11-CV-350-JL, 2012 WL 274512, at *1 (D.N.H. Jan. 31, 2012) (citing Day v. McDonough, 547 U.S. 198, 209–10 (2006)).  The petitioner has the burden of showing exhaustion.  Higgins, 187 F.3d 622, at *1.

---

[5] Rule 4 may apply to habeas petitions brought under § 2241 in addition to § 2254.  See Rule 1(b) of the Rules Governing Section 2254 Cases; Bramson v. Winn, 136 F. App'x 380, 382 (1st Cir. 2005) (per curiam); Morris v. McDonald, No. 13-10382-PBS, 2013 WL 823430, at *1 n.1 (D. Mass. Mar. 1, 2013).

[6] The exhaustion requirement is relaxed only when a petitioner can show "extraordinary circumstances" that warrant immediate federal intervention.  See Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 359 (1st Cir. 1981); cf. Younger v. Harris, 401 U.S. 37 (1971).  While double jeopardy is potentially an "extraordinary circumstance" permitting immediate federal intervention without exhaustion of state remedies, a petitioner raising double jeopardy must ordinarily raise the issue first in the state courts.  Benson, 663 F.2d at 359.  This Petition has no allegations that tend to demonstrate extraordinary circumstances.

While the Petition is vague as to Virginia's objective in placing a "hold (detainer) . . . hence a warrant" on Baynard,[7] the lack of clarity is not important to the survival of the Petition – Baynard has state court remedies available to him and he must first exhaust his alleged federal constitutional violations in state court.  See, e.g., Strickland v. Wilson, 399 F. App'x 391, 396 (10th Cir. 2010) (petitioner must first pursue relief in state courts on extradition challenge); Lyon v. Harkness, 151 F.2d 731, 732-33 (1st Cir. 1945) (petitioner must first exhaust in state court when challenging extradition request); Armstrong v. Grams, No. 09-CV-0483, 2009 WL 2476546, at *2-3 (W.D. Wis. Aug. 11, 2009) (challenges related to probation violation proceedings must first be exhausted in state court); Dunlap v. 230th D. Ct., 701 F. Supp. 752, 752 (D. Nev. 1988) (challenges to detainers can and must first be exhausted in state courts).  See also R.I. Gen. Laws § 12-9-12 (state court habeas procedure for extradition challenges); Baker v. Laurie, 375 A.2d 405, 408-09 (R.I. 1977) (Rhode Island habeas statute, R.I. Gen. Laws § 10-9-1 et seq., provides a remedy for a petitioner to challenge an unconstitutional extradition).  The Petition fails to allege that Baynard has exhausted available state remedies or that he has even attempted to bring the alleged constitutional violation to the attention of Rhode Island state courts.  See, e.g., R.I. Gen. Laws §§ 10-9-3, 10-9-22 (application of state writ of habeas corpus may be brought in Rhode Island Superior or Supreme Court).  Consistently, the face of the Petition suggests that it is unlikely that Baynard has had time to exhaust – the heading lists a 2013 docket number for the state district court proceeding associated with Baynard's arrest in

---

[7] Virginia could be invoking the Extradition Clause, Article IV, § 2, cl. 2, the Uniform Criminal Extradition Act, R.I. Gen. Laws § 12-9-1 et seq., the Interstate Agreement on Detainers Act, R.I. Gen. Laws § 13-13-1 et seq. (for the orderly disposition of untried indictments, informations or complaints lodged by other states), or the Interstate Compact for Adult Offender Supervision, R.I. Gen. Laws § 13-9.1-1 et seq. (applicable to probation violations when violator is permitted to move to a different state).

4

Rhode Island.  Further, this Court's own review of the Rhode Island Supreme Court's publicly

available opinions and orders reveals no decisions related to the claims brought in the Petition.

Based on the foregoing, I recommend that this Petition be dismissed without prejudice for

failure to exhaust available state remedies.  Mindful of Baynard's *pro se* status and the command

that this Court must be "solicitous of the obstacles that pro se litigants face," Dutil v. Murphy,

550 F.3d 154, 158 (1st Cir. 2008), I recommend that Baynard be afforded thirty days from this

Court's adoption of this Report and Recommendation to file an amended Petition that includes

colorable allegations establishing that he has exhausted available state court remedies.  See Kidd,

2012 WL 274512, at *4 (requiring filing of briefs, notices of appeal, opinions of the court or

other documents that demonstrate exhaustion).  If he fails to do so, the Petition should be

dismissed without prejudice.

### B.  Failure to Pay Filing Fee or to File Motion to Proceed *In Forma Pauperis*

Baynard's failure either to pay the $5.00 filing fee required for a habeas petition by 28

U.S.C. § 1914(a) or in the alternative to move for leave to proceed IFP pursuant to 28 U.S.C. §

1915 based on his inability to afford the filing fee is grounds for dismissal, although courts often

grant additional time to cure such technical defects.  See, e.g., Morris, 2013 WL 823430, at *1;

Chambers v. Murphy, No. 11-10845, 2011 WL 1833081, at *1 (D. Mass. May 13, 2011).  If he

does decide to proceed with this Petition because he believes that he is able to establish

exhaustion of state remedies, his amended Petition must be accompanied either by the filing fee

or by an IFP motion, which he must sign under penalty of perjury, 28 U.S.C. § 1915(a)(1), and to

which he must append a certified copy of his prison trust account statement for the six-month

period immediately preceding the filing of the action.  28 U.S.C. § 1915(a)(2).  The statement

must cover the period from February 6, 2013, to August 6, 2013.  If he has been confined at

more than one institution during that period, he should submit a statement from each facility during the period.  Each copy must show the credits and debits to his account, as well as the monthly balances.  If he had no account during the relevant period, he should submit a certified statement from an official at the facility so stating.

### C.  Appointment of Counsel

Baynard's motion to appoint counsel is based on his lack of funds to hire counsel and his limited understanding of the law and limited access to an adequate law library.  There is no constitutional right to counsel in a federal habeas corpus proceeding.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002).  Section 3006A allows for the appointment of counsel in a § 2241 or § 2254 action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require . . . ."  18 U.S.C. § 3006A(a)(2).  In making the discretionary determination whether to appoint counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  Manisy v. Maloney, 283 F. Supp. 2d 307, 317 (D. Mass. 2003) (quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)).

Here, Baynard's failure to exhaust renders his federal habeas claim singularly lacking in merit, which weighs heavily against the appointment of counsel.  In addition, the totality of the other circumstances overwhelm the potential complexity of the legal issues or the ability of Baynard to represent himself: Baynard is entitled to court-appointed counsel in the Rhode Island courts in connection with both the defense of the charge of failure to register as a sex offender and in response to the extradition request.  State v. Oliveira, 961 A.2d 299, 308-09 (R.I. 2008) (right to counsel during all critical stages of a criminal proceeding under Rhode Island

6

constitution coextensive with right under Sixth Amendment of United States Constitution); R.I. Gen Laws § 12-9-12 (person subject to extradition has right to demand counsel); R.I. Gen Laws § 13-13-8 (Interstate Detainer request for custody triggers duty of state to advise prisoner of right to counsel). Accordingly, the interests of justice do not require appointment of counsel to raise the same matters in this Court in connection with a Petition lacking in merit based on the failure to exhaust. Baynard's motion for appointment of counsel should be denied.

## III.   CONCLUSION

I recommend that this Petition be dismissed without prejudice based on failure to pay the required $5.00 filing fee or to move for leave to file *in forma pauperis*, as well as based on the lack of any plausible indication that Baynard has exhausted available state court remedies. However, mindful that the First Circuit has cautioned that leave to amend should be provided for any *pro se* pleading that is not "patently meritless and beyond all hope of redemption," Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam), I further recommend that Baynard be granted leave to file an amended Petition within thirty days of the adoption of this Report and Recommendation, which overcomes the identified deficits; if an amended Petition, together with either the filing fee or a motion to proceed *in forma pauperis*, is not timely filed, this action should be dismissed without prejudice.[8]

I further recommend that Baynard's Motion for Appointment of Counsel be denied. ECF No. 2.

---

[8] Section 2244(b)(2) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the ability of state prisoners to file multiple habeas petitions. 28 U.S.C. § 2244(b)(2). However, a petition that has been dismissed for failure to exhaust state remedies or because of procedural deficits such as failure to pay the filing fee does not count in determining whether a subsequent petition is a "second or successive" petition. Id. § 2244(b)(1); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (petition filed after first petition dismissed for failure to exhaust "is not a second or successive petition"); Benton v. Washington, 106 F.3d 162, 164-65 (7th Cir. 1996) (petition filed after a petition dismissed based on failure to pay a filing fee is not a "second or successive petition").

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 3, 2013